## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MANN, | : | CIVIL NO: 4:15-CV-01440 |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| HEATHER BALES, *et al.,* | : | |
| | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

This case involves a dispute between family members regarding the book of business of an insurance agency.  Because this Court lacks personal jurisdiction over the defendants, we recommend that the Court grant the defendants' motions to dismiss.  To best serve the interests of justice, however, we also recommend that the Court transfer the case to the United States District Court for the Northern District of Illinois.

**II. Background and Procedural History.**

The plaintiff, Jack Mann ("Mann"), initiated the present action on July 27, 2015 while incarcerated at the Federal Correctional Complex at Allenwood in White Deer, Pennsylvania.[1] *Doc. 1* at 40.  The complaint named the following individuals and entities as defendants: (1) Heather Bales; (2) Judson Mann; (3) George F. Mann III; (4) Julia A. Mann; (5) G.F. Mann Agency, LTD.; (6) Mann Insurance Agency, Inc.; (7) Global Risk Services, LTD.' and (7) all members of the Board of Directors of each corporation.  Mann alleged that although Bales, his ex-wife, obtained Mann Insurance Agency, Inc. as part of their divorce, he continued to own his book of business, which the defendants nevertheless converted to their own use.  The complaint contained 18 counts, 17 of which were state-law claims, many based explicitly on Illinois law.  The complaint also contained one count purportedly under the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227.

After reviewing the complaint, we concluded that the Court lacked subject-matter jurisdiction.  First, the complaint failed to assert even an arguable claim under the TCPA, and, thus, the Court did not have federal-question jurisdiction under 28 U.S.C. § 1331.  Second, Mann did not allege facts from which it could reasonably be inferred that there was complete diversity under 28 U.S.C. § 1332.

---

[1] Mann is presently incarcerated at the Federal Correctional Institution in Ashland, Kentucky.

2

Specifically, Mann failed to allege the citizenship of either himself or any of the defendants.  Nevertheless, we granted Mann leave to amend his complaint to cure its jurisdictional deficiencies and demonstrate that he belongs in federal court.

Mann filed an amended complaint on November 3, 2015, naming the same defendants as he named in the original complaint. *Doc. 14.*  The amended complaint contains 19 counts, all but two of which are state law claims, again some based explicitly on Illinois law.  The amended complaint also contains a TCPA claim and a Racketeer Influenced and Corrupt Organizations Act (RICO) claim.

On January 11, 2016, defendants Bales and Mann Insurance Agency filed a motion to dismiss the amended complaint, and on January 15, 2016, defendants George F. Mann, III, Julia A. Mann, Judson H. Mann, G.F. Mann Agency, LTD, and Global Risk Services, LTD filed a motion to dismiss the amended complaint. The defendants argue that the amended complaint should be dismissed for numerous reasons including because this Court lacks personal jurisdiction over them.  After being ordered to file briefs in opposition to the motions to dismiss and being granted extensions of time to do so, Mann filed briefs in opposition to the motions to dismiss.  The defendants then filed reply briefs, and with leave of court, Mann filed sur-reply briefs.

For the reasons discussed below, we recommend that the Court grant the motions to dismiss on the basis that this Court lacks personal jurisdiction over the

3

defendants.  We also recommend that the case be transferred to the United States

District Court for the Northern District of Illinois.


## III. Discussion.

The defendants contend that this Court lacks personal jurisdiction over

them.[2]  A defendant may raise the defense of lack of personal jurisdiction in a

_____

[2]  The defendants also assert that this Court lacks subject-matter jurisdiction.
"[T]here is no unyielding jurisdictional hierarchy," and a court may decide a case
on personal-jurisdiction grounds without first deciding subject-matter jurisdiction
where, as here, the lack of personal jurisdiction is apparent and the inquiry into
subject-matter jurisdiction raises more difficult questions. *Ruhrgas AG v.
Marathon Oil Co.*, 526 U.S. 574, 578 (1999).  In any event, while the defendants
contend that this Court has neither federal-question nor diversity jurisdiction,
Mann raises claims under the Telephone Consumer Protection Act (TCPA) of
1991, 47 U.S.C. § 227, and the Racketeer Influenced and Corrupt Organizations
Act (RICO), 18 U.S.C. § 1964, which are within this Court's federal-question
jurisdiction.  The defendants argue that Mann's amended complaint fails to state
plausible claims under either the TCPA and RICO.  That may be so, but that does
not mean that the Court lacks subject-matter jurisdiction.  "[T]he absence of a valid
(as opposed to arguable) cause of action does not implicate subject-matter
jurisdiction, *i.e.,* the court's statutory or constitutional *power* to adjudicate the
case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998)
(emphasis in original).  Subject-matter jurisdiction is not defeated by the
possibility that the averments of the complaint might fail to state a cause of action
on which the plaintiff could actually recover. *Id.*  "Dismissal for lack of subject-
matter jurisdiction because of the inadequacy of the federal claim is proper only
when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of
this Court, or otherwise completely devoid of merit as not to involve a federal
controversy.' " *Id.* (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414
U.S. 661, 666 (1974)).  Here, while Mann's claims under the TCPA and RICO
may fail to state a claim upon which relief can be granted (a question we do not
decide), the amended complaint raises at least arguable claims under the TCPA and
RICO.  We further note that to the extent the defendants are arguing that Mann

motion to dismiss in accordance with Fed.R.Civ.P. 12(b)(2). "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Unless the court holds an evidentiary hearing, at the motion-to-dismiss stage the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor," but "the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011). The plaintiff establishes a *prima facie* case "by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.,* 819 F.2d 434 (3d Cir.1987)).

---

lacks statutory standing under the TCPA, the lack of such statutory standing does not implicate the Court's subject-matter jurisdiction. *See Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (stating that "[s]tatutory standing goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case," and "[u]nlike Article III standing, statutory standing is not jurisdictional").

Federal Rule of Civil Procedure 4 authorizes a federal court to assert personal jurisdiction over a nonresident defendant to the extent permissible under the law of the state where the district court sits. *Id.* at 1221.  The forum state in this case is Pennsylvania, and Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States" and provides that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b).  Thus, this court may properly exercise jurisdiction over a defendant as long as the exercise of that jurisdiction does not violate the due process rights of the defendant. *Mellon,* 960 F.2d at 1221.

Proceeding to the constitutional inquiry, the "Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.,* 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Id.* at 300 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

There are two types or personal jurisdiction—general jurisdiction and specific jurisdiction. *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007). "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Id.* On the other hand, even in the absence of such systematic and continuous contacts with the forum state, "[s]pecific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Id.* "The central concern of [the] jurisdictional inquiry is the relationship among the defendant, the forum, and the litigation." *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293 (3d Cir. 1985). The court conducts a three-part inquiry to determine whether it has specific jurisdiction over the defendant. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed [its] activities' at the forum." *Id.* (quoting *Burger King,* 471 U.S. at 472). "Second, the litigation must 'arise out of or relate to' at least one of those activities." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). Third, if the court finds that the prior requirements are met, it may consider additional factors to ensure that exercising jurisdiction would be consistent with "'fair play and substantial justice.'" *Id.* (quoting *Burger King, supra,* 471 U.S. at 476 (quoting *Int'l Shoe, supra,* 326 U.S. at 320)).

We first consider the issue of general jurisdiction.  In asserting a lack of general jurisdiction, defendants note that they are all either citizens of or domiciled in the state of Illinois. *Doc. 36* at 21-22 & *Doc. 42* at 12.  With the exception of Global Risk Services, which retains "a single brokerage account involving a Pennsylvania corporate insured" and has not directed any of its advertising toward Pennsylvania residents, none of the corporate defendants engage in business of any kind in Pennsylvania.  *Doc. 36* at 22.  Thus, the defendants contend, they each lack the requisite continuous and systematic contacts with Pennsylvania. *Id.*
Mann has not presented any allegations or evidence that the defendants had systematic and continuous contacts with Pennsylvania.  Nevertheless, he appears to allege that jurisdiction exists over the defendants because they had previously used voice over internet phone systems ("VOIP") located on servers "in another state," presumably inferring that such severs may be located in Pennsylvania. *Doc. 14* at 4.  This assertion is insufficient to show that the defendants have systematic and continuous contacts with Pennsylvania, such that this Court has personal jurisdiction over the defendants.  Thus, Mann has not established a prima facie case of general jurisdiction over the defendants.

We next consider the issue of specific jurisdiction.  In asserting lack of jurisdiction, defendants assert that Mann has not alleged that they committed any

acts within Pennsylvania. *Doc. 36* at 19.  Similarly, they suggest that none of the activities underlying Mann's claims occurred in Pennsylvania. *Id.* at 20.

Mann, nevertheless, invokes the "effects test" articulated in *Calder v. Jones,* 465 U.S. 783 (1984).  Under that test, the "plaintiff must show that (1) the defendant committed an intentional tort, (2) the tort was 'expressly aimed' at the forum in which the action was brought, and (3) the forum was the 'focal point of the harm' suffered." *Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-CV-3087, 2014 WL 1808652, at *11 (M.D. Pa. May 7, 2014) (quoting *IMO Indus., Inc. v. Kiekert A.G.,* 155 F.3d 254, 261, 265–66 (3d Cir.1998).  "To establish that the defendant expressly aimed his or her tortious conduct at the forum state, the plaintiff must identify specific activity indicating such express aim and demonstrate the defendant's knowledge that the plaintiff would suffer the brunt of the harm in the forum." *Id.*

Mann suggests that jurisdiction is appropriate in Pennsylvania because he learned of the extent of his injury while incarcerated in Pennsylvania.  But "contacts between the plaintiff (or third parties) and the forum State" is not the appropriate focus. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to

justify an assertion of jurisdiction"). Rather, "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden,* 134 S. Ct. at 1123. Here, Mann has not shown that the defendants expressly aimed their purportedly tortious conduct at Pennsylvania or that they knew that he would suffer the brunt of the harm in Pennsylvania.[3] Accordingly, Mann has not established a prima facie case of specific jurisdiction.

In sum, Mann has not met his burden to establish that this Court has personal jurisdiction over the defendants, and our exercise of personal jurisdiction over the defendants would not comport with traditional notions of fair play and substantial justice.[4] Thus, we recommend that the motions to dismiss be granted on the basis that this Court lacks personal jurisdiction.

---

[3] Mann asserts that he felt harm in two locations: Michigan and Pennsylvania. *Doc. 63* at 19, 22. He suggests that he learned of the sale of his book of business while incarcerated in Michigan, but he learned the amount of his losses while incarcerated in Pennsylvania. *Id.* at 22. Where Mann was incarcerated at that time he learned of his harm or the extent of his harm is not necessarily where he suffered the brunt of his harm. Moreover, there is no evidence that the defendants even knew at the time of their alleged tortious conduct that Mann would be incarcerated in Pennsylvania.

[4] Although RICO provides for nationwide service of process "where personal jurisdiction based on minimum contacts [is] first established as to at least one defendant" *Carvel v. Griffin*, No. 07–273–JJF, 2008 WL 4922432, at *7 (D.Del. Nov. 18, 2008), Mann has not presented a prima facie case that the Court has personal jurisdiction over any of the defendants.

Pursuant to 28 U.S.C. § 1631, if it is in the interest of justice, the court may transfer a case over which it lacks jurisdiction to a district court in which the action could have been brought.  "A court may transfer a case to another district in which the action could have been brought, even when it lacks personal jurisdiction over the defendants." *Manley v. Premium Spray Prods., Inc.,* No. 14–3379, 2015 WL 1475310, *5 (E.D.Pa. Mar. 31, 2015) (citing *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 465-67 (1962);  *see also Mon Aimee Chocolat, Inc. v. Tushiya, LLC*., No. 14–1568, 2015 WL 2232270, at *6, (W.D.Pa. May 12, 2015) (finding transfer pursuant to § 1631 is in the interest of justice when transferring to a district where a court may properly exercise personal jurisdiction over defendants.)  Courts have also considered whether the parties can agree on a different forum. *See, e.g., Lewis v. Cabana Coaches, LLC*, No. 11–2507, 2012 WL 246390, at *2–3 (E.D.Pa. Jan. 26, 2012).

The defendants proffer that the United States District Court for the Northern District of Illinois is a proper forum for this action because it is the "district in which all of the defendants reside, in which all of the defendants are subject to personal jurisdiction, and in which all of the events underlying the plaintiff's claims occurred and the property at issue is located." *Doc. 36* at 26; *See also Doc. 42* at 12.  Although Mann does not set forth any arguments suggesting that Illinois has personal jurisdiction over the defendants, he does, however, state that he

11

believes proper venue may also be established "in the alternative in Illinois." *Doc. 83* at 4.

Thus, in the interests of justice, we recommend transferring this action to the United States District Court for the Northern District of Illinois rather than dismissing the case and forcing Mann to refile in another jurisdiction. *See Lewis,* 2012 WL 246390, at *2 (holding that transferring in the interests of justice "will serve judicial efficiency, and spare the litigants unnecessary cost and effort.").

## IV.  Recommendation.

Based on the foregoing, we recommend that the defendants' motions (docs. 30 & 35) to dismiss be granted on the basis that this Court lacks personal jurisdiction and that this case be transferred to the United States District Court for the Northern District of Illinois.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of July, 2016.


*<u>S/Susan E. Schwab</u>*
Susan E. Schwab
United States Magistrate Judge