IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK MANN, | : | Case No. 4:15-CV-01440 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| HEATHER BALES, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

**MEMORANDUM**
October 7, 2016

Before the Court for disposition are (1) Defendants Heather Bales and Mann Insurance Agency, Inc.'s Motion to Dismiss, and (2) Defendants George F. Mann, III, Julia A. Mann, Judson H. Mann, G.F. Mann Agency, Ltd., and Global Risk Services' Motion to Dismiss. Magistrate Judge Susan E. Schwab has prepared a Report and Recommendation concerning these Motions. For the following reasons, this Report and Recommendation will be adopted in its entirety. Defendants' Motions to Dismiss will be granted for lack of personal jurisdiction, and the case transferred to the United States District Court for the Northern District of Illinois.[1]

---

1 Also pending before the Court are Plaintiff's subsequently filed "Motion 'to Recall Pltf's Opposition Motions to Docs. 76 & 78," (ECF No. 92), and "Motion to Compel MiniTrial, Mediation or Arbitration" (ECF No. 99). Because the Court lacks personal jurisdiction over Defendants, it cannot rule on these two motions.

1

## I.     BACKGROUND AND PROCEDURAL HISTORY

On July 27, 2015, Plaintiff Jack Mann ("Plaintiff"), a prisoner then incarcerated at FCI Allenwood, filed a Complaint against (1) Heather Bales; (2) Judson Mann; (3) George F. Mann, III; (4) Julia A. Mann; (5) G.F. Mann Agency, Ltd.; (6) Mann Insurance Agency, Inc.; (7) Global Risk Services, Ltd; and (8) all members of the Board of Directors of each corporation.[2]  Plaintiff alleged within this Complaint that Defendants had converted to their own use his book of business relating to an insurance business.  Ownership of this insurance business, Mann Insurance Agency, Inc., had previously been transferred to Plaintiff's ex-wife, Heather Bales, as part of their divorce proceeding.  She thereafter sold the insurance company and book of business to Judson Mann, George F. Mann, III, Julia A. Mann, G.F. Mann Agency, Ltd., and Global Risk Services.[3]  Based on these facts, Plaintiff asserted seventeen state law claims and one claim under the Telephone Consumer Protection Act of 1991 ("TCPA").[4]

On October 14, 2015, Magistrate Judge Schwab directed Plaintiff to file an Amended Complaint on or before November 9, 2015.[5]  The court found that it lacked subject matter jurisdiction over the complaint under federal question[6] and

---

[2] Complaint (ECF No. 1).
[3] Compl. ¶¶ 1-3, at 1.
[4] 47 U.S.C. § 227 *et seq*.
[5] Order of Oct. 14, 2015 (ECF No. 11).
[6] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

diversity jurisdiction.[7]  Magistrate Judge Schwab reasoned that (1) the court lacked federal question jurisdiction because Plaintiff had failed to assert an arguable claim under the TCPA, and (2) Plaintiff failed to allege facts from which diversity jurisdiction could reasonably be inferred.

In accordance with the leave to amend granted by Magistrate Judge Schwab, Plaintiff filed an Amended Complaint on November 3, 2015.[8]  The amended pleading again contained seventeen state law claims and a TCPA claim.  In addition, however, Plaintiff alleged a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act.[9]  On January 11, 2016, Defendants Heather Bales and Mann Insurance Agency, Inc. ("Bales Defendants") filed a Motion to Dismiss the Amended Complaint.[10]  Defendants George F. Mann, III, Julia A. Mann, Judson H. Mann, G.F. Mann Agency, Ltd., and Global Risk Services ("Mann Defendants") then filed a Motion to Dismiss.[11]  These Motions were subsequently fully briefed by all parties.[12]

---

[7] 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

[8] Amended Compl. (ECF No. 14).

[9] *Id.* at 40.

[10] ECF No. 30.

[11] ECF No. 35.

[12] ECF Nos. 36, 42, 59, 68, 71, & 74.

On July 12, 2016, Magistrate Judge Schwab issued a Report and Recommendation concerning these pending Motions to Dismiss.[13]  The Report advised the Court to grant Defendants' motions to dismiss due to a lack of personal jurisdiction over the Defendants.  The Report further recommended the transfer of this case to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1631.  On July 26, 2016, both the Bales Defendants and the Mann Defendants filed Objections to the Report and Recommendation.[14]

These Objections have since been fully briefed by all parties.[15]

## II.   LEGAL STANDARD

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact and recommendations."[16]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[17]  When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[18] Although the standard of review for objections is *de novo*, the extent of review lies

---

[13] ECF No. 85.
[14] ECF Nos. 87 & 89.
[15] ECF Nos. 88, 90, 96, 97, & 98.
[16] 28 U.S.C. § 636(b)(1)(B).
[17] 28 U.S.C. § 636(b)(1).
[18] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Case 4:15-cv-01440-MWB   Document 103   Filed 10/07/16   Page 5 of 13

within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[19]

For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[20] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[21]

## III.   DISCUSSION

Having reviewed those portions of the Report and Recommendation to which no objections were made, the Court is satisfied that, on its face, it has no clear error.  As noted above, the Mann Defendants and Bales Defendants have filed Objections to the findings of the Report and Recommendation.  Following a *de novo* review of those portions of the Report to which objection was made, I note that these objections do not contest the finding that this Court lacks personal jurisdiction over Defendants.  Rather, they are limited to Magistrate Judge Schwab's recommendation that the case be transferred.  The Court adopts the

---

[19] *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[20] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.,* 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[21] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

sound reasoning of the Report and Recommendation and will transfer this case to the Northern District of Illinois.

Title 28 of United States Code Section 1631 permits a court that lacks jurisdiction to transfer a civil action to a district where the action could have originally been brought.[22]  Transfer pursuant to Section 1631 is thus appropriate when (1) jurisdiction is wanting in the transferor court, (2) the transfer is in the interest of justice, and (3) the action could have been brought in the transferee court at the time it was filed.[23]

In their objections, Defendants do not take exception to this Court lacking personal jurisdiction.  They do, however, argue that (1) the action could not have been brought in the transferee court at the time it was filed, and (2) transfer is not in the interest of justice. [24]  In support of their first contention, Defendants argue that the Report and Recommendation erred by advising transfer and not recognizing that the Northern District of Illinois lacked subject matter jurisdiction.

---

[22] Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, *the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed*, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. 28 U.S.C. § 1631 (emphasis added).

[23] *Farber v. Tennant Truck Lines, Inc.*, 84 F.Supp.3d 421, 435 (3d Cir. 2015); *Rodriguez v. Bush*, 367 F.Supp.2d 765, 772 (E.D.Pa. 2005).

[24] *See* Br. in Supp. of Objections of Bales Defs. to Magistrate's Report and Recommendations ("Bales Defs.' Brief")(ECF No. 90), at i; Br. in Supp. of Objections of Mann Defs. to Magistrate's Report and Recommendation ("Mann Defs.' Brief") (ECF No. 88), at i.

Defendants specifically state that (1) no diversity jurisdiction exists to support subject matter jurisdiction under 28 U.S.C. § 1332, and (2) no federal question jurisdiction exists under 28 U.S.C. § 1331 because Plaintiff has failed to allege plausible TCPA and civil RICO claims.[25]

### A. Plaintiff's Complaint Could Not Have Been Filed in the Northern District of Illinois Based On Diversity of Citizenship Jurisdiction.

Concerning the first argument, the Court agrees with Defendants that this case could not have been brought in the Northern District of Illinois based on diversity jurisdiction.  Because federal courts are of limited jurisdiction, they must possess jurisdiction over a case to address its merits.[26]  Under 28 U.S.C. § 1332, a District Court has jurisdiction by way of diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."[27]  The Supreme Court of the United States has interpreted diversity of citizenship to require complete diversity—i.e. diversity between *each* plaintiff and *each* defendant.[28]

---

[25] *See* Bales Defs.' Brief at 11–15; Mann Defs.' Brief at 12–16.

[26] *Auto-Owners Insurance Co. v. Stevens & Ricci Inc.*,___ F.3d ___, 2016 WL 4547641 at *19 (3d Cir. Sept. 1, 2016) (quoting *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1042 (3d Cir. 1993)).

[27] 28 U.S.C. § 1332.

[28] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Barefoot Architect, Inc. v. Bunge,* 632 F.3d 822, 836 (3d Cir. 2011).

To establish citizenship within the meaning of Section 1332, a person must be both "a citizen of the United States *and* be domiciled within the State."[29]   Concerning domicile, the Supreme Court has stated that:

> [T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. This general statement, however, is difficult of application. Each individual case must be decided on its own particular facts. In reviewing a claim, relevant criteria include year-round residence, voter registration, place of filing tax returns, property ownership, driver's license, car registration, marital status, vacation employment, etc.'[30]

Once acquired, a domicile is presumed to continue until circumstances demonstrate otherwise.[31]   To demonstrate a change in domicile, an individual must (1) take up residence in a new domicile, and (2) intend to remain there indefinitely.[32]   The burden is on plaintiff to establish that diversity of citizenship exists.[33]

Here, the Court finds that Plaintiff has failed to meet his burden of establishing diversity of citizenship.   Prisoners, such as Plaintiff, are presumed to retain their prior citizenship when the gates close behind them.[34]   Prior to his incarceration, Plaintiff was a legal resident of the State of Illinois.[35]   By operation

---

[29] *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989) (emphasis in original)

[30] *Vlandis v. Kline*, 412 U.S. 441, 454 (1973).

[31] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 287 (3d Cir. 2006) (citing *Mitchell v. United States*, 88 U.S. 350 353 (1874)).

[32] *Id.* (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1299–1300 (3d Cir. 2003)).

[33] *Petruska v. Gannon University,* 462 F.3d 294, 301 n. 3 (3d Cir. 2006).

[34] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (citing *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010); *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991)).

[35] Amended Compl. ¶ 5, at 2.

8

of law, he is therefore rebuttably presumed to retain this citizenship during his term of incarceration.  At the time he commenced suit,[36] Plaintiff was incarcerated at FCI Allenwood, White Deer, Pennsylvania.[37]  He could, therefore, overcome this presumption of Illinois citizenship, and thus demonstrate diversity of citizenship, by establishing Pennsylvania as his new domicile.[38]

Plaintiff however, fails to satisfy the two domiciliary requirements.  While he was unquestionably residing in Pennsylvania at the time this action was commenced, he failed to allege intent to remain in the state or to return there following an absence.[39]  To the contrary, Plaintiff has expressed an intention to reside in the State of New York following his release.[40]  Because Plaintiff does not intend to remain in the state in which he is permanently residing—Pennsylvania— he has failed to rebut the presumption of Illinois citizenship.  This failure renders him non-diverse from Defendants whom Plaintiff concedes are all citizens of Illinois.[41]

---

[36] *See Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 570–571 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.... [This rule] measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing") (internal quotations and citations omitted).

[37] Compl. (ECF No. 1), at 34.

[38] *See, e.g.*, *Robinson v. Temple University Health Servs.*, 506 F.App'x 112, 115 (3d Cir. 2012) (noting that circuits which follow the rebuttable presumption model allow a prisoner to establish domicile only in the state of incarceration and opining that it is doubtful that instant plaintiff can establish domicile in a third state).

[39] Amended Compl. ¶¶ 3, 5, at 1–2.

[40] *Id.*

[41] *Id.* at 2.

### B. Plaintiff's Complaint Could Have Been Filed in the Northern District of Illinois Based On Federal Question Jurisdiction.

Concerning Defendants' argument that Plaintiff failed to establish federal question jurisdiction, the Court finds that Plaintiff alleged arguable federal claims sufficient to grant the Northern District of Illinois federal question subject matter jurisdiction.  Defendants claim that the Northern District of Illinois would lack federal question jurisdiction because Plaintiff has failed to allege *plausible* federal claims.[42]  This line of reasoning, however, fails to correctly cite Plaintiff's burden in establishing subject matter jurisdiction based on a federal claim.

In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court opined that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."[43]  Rather, the Court stated:

> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "**so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.**"[44]

---

[42] *See* Bales Defs.' Brief at 11–15; Mann Defs.' Brief at 12–16

[43] *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("[J]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").

[44] *Id.* (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)) (emphasis added).

The determination of claim's plausibility is therefore a separate inquiry and the Court must first ensure that it has subject matter jurisdiction prior to addressing the merits of a claim.[45]

Here, Plaintiff alleges federal claims under both the TCPA and RICO, and thus two potential bases exist for federal question jurisdiction.  This Court's analysis, therefore, will focus on whether these claims are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Based on a review of the Plaintiff's Amended Complaint, this Court finds that Plaintiff's TCPA claim is not so devoid of merit so as to not involve a federal controversy.[46]

When presented with a *pro se* litigant such as Plaintiff, courts have a special obligation to construe his complaint liberally.[47]  This Court must therefore liberally read Plaintiff's Amended Complaint to determine if it alleges arguable federal claims not completely devoid of merit.  I find that Plaintiff has met this lessened burden.  First, the Court notes that Plaintiff has cited law concerning both a TCPA claim and a civil RICO claim.  He has further adduced facts in support of his TCPA claim which raise it beyond the mere frivolous to a level justifying a merits

---

[45] *Advanced Fluid Sys., Inc. v. Huber*, Civil Action No. 1:13-CV-3087, 2014 WL 1808652 at *5 (M.D.Pa. May 7, 2014)(Conner, C.J.)(citing *Steel Co.*, 523 U.S. at 93–95).

[46] In so finding, the Court will not determine if Plaintiff's RICO claim is "arguable."  Subject matter jurisdiction of the Northern District of Illinois is established by virtue of Plaintiff's arguable TCPA claim.

[47] *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing, *inter alia*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

determination by a court with proper jurisdiction.  In her Order of October 14, 2015, Magistrate Judge Schwab found that the TCPA claim within Plaintiff's original complaint failed to allege an "arguable" federal claim.[48]  She specifically stated, as justification for this finding, that Plaintiff's complaint "does not contain any allegations about telephone calls or fax messages."[49]  Plaintiff's amended complaint, filed on November 3, 2015, contains factual averments of both telephone calls and faxes messages by Defendants.[50]  These averments, added in accordance with Magistrate Judge Schwab's direction, raise at least an "arguable" TCPA claim necessary to bestow federal question jurisdiction.[51]

Second, I note, like the Report and Recommendation, that Plaintiff's potential lack of statutory standing under the TCPA does not implicate a lack of subject-matter jurisdiction.[52]  Such an allegation is more properly brought under Federal Rule of Civil Procedure 12(b)(6).[53]  Finally, the Court concludes that transfer is "in the interest of justice" as required by 28 U.S.C. § 1631.  Plaintiff, a *pro se* prisoner, has yet to receive adjudication on the merits of his complaint.

---

[48] Order (ECF No. 11), at 4–5.

[49] *Id.*

[50] Amended Compl. ¶¶ 5–7, at 2–4.

[51] This determination does not foreclose the possibility that Plaintiff's claims nevertheless failed to meet the plausibility requirements set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009).  This decision on the merits would be appropriately decided by the Northern District of Illinois.

[52] *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (finding that "[s]tatutory standing goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case.").

[53] *Id.* (citing *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73–74 (3d Cir. 2011); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 307 (3d Cir. 2011)).

Transfer to a court with jurisdiction and one in which all defendants are domiciled—the Northern District of Illinois— is therefore necessary to provide parties both the benefit of litigation on the merits and the possibility of a final judgment.

## IV.   CONCLUSION

Based on the above discussion and analysis, the Court adopts in its entirety the Report and Recommendation of Magistrate Judge Schwab.  Defendants' Motions to Dismiss will be granted for lack of personal jurisdiction within the Commonwealth of Pennsylvania.  Pursuant to 28 U.S.C. § 1631, Plaintiff's case will be transferred to the United States District Court for the Northern District of Illinois.

An appropriate Order follows.


BY THE COURT:


    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge